Isaac Chenery, trustee, *vs.* Cyrus W. Stevens.

A levy on land of an execution for nineteen hundred and ninety-four dollars and eleven cents is invalid if more land is seized and set off than is sufficient to satisfy the execution by the sum of five dollars and eighty-nine cents.

A deed of land by A. to C. conveyed to C. a good title to the premises, although after the signing and before the acknowledgment thereof S. was put in possession of the premises by the officer under an invalid levy of an execution thereon, and remained in possession at the time of such acknowledgment.

P., in consideration of money paid by A. and her six children, executed on January 5, 1865, a deed granting to them and their heirs and assigns two pieces of land, *habendum* to them and their heirs and assigns, to their use and behoof forever. Immediately following the description of the land and preceding the *habendum* was this clause: " But the said A. shall have exclusive control of the said tracts and the appurtenances thereto belonging and the income thereof, for her own support and separate use during her natural life, and the said A. shall pay all the expenses for taxes, insurance, and keep the premises in proper repair from said income after the first day of May, 1865, when possession is to be given to said A." *Held,* that the deed vested in A. an absolute estate in fee in one seventh of the premises as tenant in common with her six children, to whom it conveyed the other

six sevenths in fee to the use of A. during her life with remainder to themselves on the expiration of her life estate, which use was executed immediately in A.

F., owning a piece of land, made a bond the condition of which was that the obligor, his heirs, executors or assigns, should on demand convey the same in fee simple to A. and her children, their heirs or assigns, upon her or their payment of a stipulated price, and died without such demand being made. He left a will making P. his residuary devisee. P. and her husband were appointed administrators with the will annexed of his estate, and afterwards, in their individual capacity, they conveyed the premises to A. and her children with a limitation of the use thereof to A. for her life. *Held,* that their deed passed all the title which F. had in the premises, P. being his residuary devisee, and vested a valid title in the grantees, although as administrators P. and her husband had returned no account, and although it did not appear that P. had filed any residuary bond for the payment of debts and legacies.

WRIT OF ENTRY brought by the demandant as trustee of Almira Richards, wife of Asa F. Richards, for possession of two tracts of land in New Salem, declaring on his seisin for her life. Plea, *nul disseisin.*

At the trial in the superior court, before *Devens,* J., the demandant claimed title under a deed of Elizabeth F. and Samuel Putnam to Mrs. Richards, and from her to himself. The former deed was executed January 5, 1865, and in consideration of one thousand dollars paid by Almira Richards and her six children, naming them, gave, granted, bargained, sold and conveyed to them, enumerating them again by name, " their heirs and assigns," the tracts of land in dispute, and contained the following words immediately following the description of the land : " but the said Almira, wife of the said Asa F., shall have the exclusive control of the said tracts, and the appurtenances thereto belonging, and the income thereof, for her own support and separate use, during her natural life ; and the said Almira shall pay all the expenses for taxes, insurance, and keep the premises in proper repair from said income, after the first day of May 1865, when possession is to be given to the said Almira." The *habendum* of the deed, immediately following these words, was to Almira and her six children, again naming them, " their heirs and assigns, to their use and behoof forever ; " and there was a covenant of general warranty running to them also by name.

It appeared in evidence that the land was once owned by Ebenezer Felton, who on April 20, 1860, made a bond for a deed of it, the condition of the bond being that the " obligor, his heirs

executors or assigns," should " execute and deliver a good and sufficient conveyance " of the premises " in fee simple " to " Almira Richards, her children, their heirs or assigns, her or them, on demand," upon " her or their " payment to him, " or his heirs, executors or assigns," of " one thousand dollars with annual interest thereon ; " that he died July 3, 1864, without having executed any conveyance under the bond, nor did it appear that any demand was ever made on him therefor ; that he left a will making Elizabeth F. Putnam his residuary devisee and executrix ; and that she and her husband, Samuel Putnam, were appointed administrators with the will annexed, and gave the common administrator's bond and returned an inventory, but had rendered no account, nor did it appear that the residuary devisee had given bond for the payment of debts and legacies.

It was also in evidence that on petition of Almira, pursuant to Gen. Sts. c. 108, § 4, the demandant was appointed her trustee by this court at September term 1865 for Franklin, and that she thereupon executed the second deed above referred to, conveying to him, to hold in trust for her life, the real estate conveyed to her by Elizabeth F. and Samuel Putnam, but without any more particular description thereof than by a reference to their deed. This deed of Almira to the demandant was dated September 30, 1865, acknowledged October 27, 1865, and recorded August 9, 1866.

The tenant claimed title by virtue of a levy of an execution in favor of himself against Asa F. Richards, the husband of Almira, and contended that the consideration for the conveyance of the land to Almira was paid by Asa F., and the conveyance was void as against his creditors. The whole of the demanded premises were set off by the officer, on the levy, October 2, 1865, and by his return it appeared that they were appraised at the value of two thousand dollars, while the amount needful to satisfy the execution, interest and charges of levy, was nineteen hundred and ninety-four dollars and eleven cents.

It appeared in evidence that " at the time of the levy neither Almira Richards nor any of her children were in personal pos-

session of the demanded premises," and also that "the tenant retained possession of said premises after the levy."

On these facts the tenant asked the judge to rule, 1. that the deed to Almira Richards and her children, from Elizabeth F. and Samuel Putnam, when legally construed, does not give her a life estate in the premises conveyed; 2. that if said deed does purport to give her a life estate, the clause so purporting is repugnant to the grant, and so void; 3. that if it gives her any estate for life, it is a freehold estate, to commence *in futuro*, and so void; 4. that the grantors, Samuel Putnam and Elizabeth F. Putnam, had no right under the bond for a deed from Ebenezer Felton, upon whose estate they were administrators, to grant her a life estate; 5. that the deed made in their private capacity conveyed nothing; 6. that the interest of Ebenezer Felton in this land was personal property, (the land being covered by a bond for a deed,) and he had no right to devise this specific land, but only to dispose of the interest secured by the bond; 7. that the deed from Almira Richards to the demandant, not being acknowledged or recorded before the levy, did not pass such a title as will enable the demandant to maintain this action. The demandant, also, on these facts, requested the judge to rule that the levy was void for the reason that an excess of land, to the value of five dollars and eighty-nine cents, was set off by the officer to the tenant. The judge declined to rule as requested by the tenant, and did rule that the levy was invalid, and instructed the jury that the demandant was entitled to recover upon the deed to him from Almira Richards. A verdict was thereupon returned for the demandant; and the tenant alleged exceptions.

*W. Griswold & G. W. Bartlett*, for the tenant. Almira Richards cannot be seised as a tenant in common with her children and at the same time as a sole tenant for life in the same premises. The children, if seised at all, are seised in possession, which excludes the seisin for life in another. 2 Washb. Real Prop. 493. If the Putnam deed does purport to give her a life estate, the clause is repugnant to the grant and so void. 2 Washb. Real Prop. 640. *Shed* v. *Shed*, 3 N. H. 452. *Craig*

**v.** *Wells*, 1 Kernan, 315. *Adams* v. *Dunklee*, 19 Verm. 382. It is void because in the nature of an exception in favor of a third person. *Moore* v. *Earl of Plymouth*, 3 B. & Ald. 66. Shep. Touchstone, 80. *Hornbeck* v. *Westbrook*, 9 Johns. 75. *Craig* v. *Wells, ubi supra.* Also because it is a limitation of the use of the estate granted. *Craig* v. *Wells, ubi supra.* Also because it is a freehold estate to commence *in futuro.* 1 Washb. Real Prop. 47. *Gale* v. *Coburn*, 18 Pick. 400. *Brewer* v. *Hardy*, 22 Pick. 376. *Jackson* v. *Delancey*, 4 Cow. 427. *Parker* v. *Nichols* 7 Pick. 115. *Allen* v. *Taft*, 6 Gray, 552.

Admitting the deed to be regular, yet it is not in pursu ance of Felton's bond, if given by the Putnams as adminis· trators; and if given by them in their private capacity the filing of a residuary bond is necessary to so vest property in a residuary devisee as to enable him to convey it in his own name, prior to the settlement of the estate of the deceased. *Clarke* v. *Tufts*, 5 Pick. 340. *Thompson* v. *Brown*, 16 Mass. 172. *Batchelder* v. *Russell*, 10 N. H. 39. *Tarbell* v. *Whiting*, 5 N. H. 63. The interest of Felton in this land after he gave the bond to Mrs. Richards was personal property, and was primarily to be holden for payment of debts and legacies. The interest of a mortgagee in land is personal property. *Smith* v. *Dyer*, 16 Mass. 21. Gen. Sts. *c.* 96, § 9. If the same is true of land covered by an obligation to convey, it is an additional reason why a residuary devisee cannot convey such before settlement of the estate.

The tenant's levy was before the acknowledgment of the deed from Mrs. Richards to the demandant. A deed unacknowledged will pass title to real estate only as between the parties to the conveyance and those in privity with them and persons having notice. Gen. Sts. *c.* 89, § 3. *Dole* v. *Thurlow*, 12 Met. 157. *Call* v. *Buttrick*, 4 Cush. 345. *Gibbs* v. *Swift*, 12 Cush. 393. *Sicard* v. *Davis*, 6 Pet. 124. *Galusha* v. *Sinclair*, 3 Verm. 394. The decree of court, authorizing her to convey, simply removed her common law disability. When she completed the deed by acknowledging it, she was actually disseised by the tenant, and her deed was void. *Barry* v. *Adams*, 3 Allen, 493, and cases cited. *Loud* v. *Darling*, 7 Allen, 205. *Leonard*

v. *Bryant,* 11 Met. 370 ; 2 Cush. 32. It does not appear that the tenant had notice, actual or constructive, of the conveyance to the demandant. The legal presumption is that the deed to Chenery was not delivered until after it was acknowledged. *Elsy* v. *Metcalf,* 1 Denio, 323.

The demandant's objection to the levy assumed the variation to be five dollars and eighty-nine cents; but the officer had a right to take land enough to meet the legal fees authorized by St. 1862, *c.* 190, which were three dollars and sixty-five cents. After depositing the required memorandum, he had a right to amend his return, if any amendment was necessary. *Wolcott* v. *Ely,* 2 Allen, 338, and cases cited. The balance of two dollars and twenty-four cents, compared with the amount of execution, interest and costs of levy, nineteen hundred and ninety-seven dollars and seventy-six cents, is so small as to bring the case under the maxim *de minimis non curat lex. Spencer* v. *Champion,* 9 Conn. 537. *Huntington* v. *Winchell,* 8 Conn. 45. *Holmes* v. *Hall,* 4 Met. 419.

Supposing the demandant's title defective and the tenant's levy void, the tenant must prevail ; for the demandant must show an actual seisin according to his count. *Wellington* v. *Gale,* 13 Mass. 489. Almira Richards, being seised as a tenant in common in fee in these premises would not by her deed give seisin for her life to the demandant. A tenant in common can only sue separately for his share. Gen. Sts. *c.* 134, § 9. The tenant, at the time of the commencement of this action having actual possession under claim of title, must prevail against one who shows no legal title. *Gibson* v. *Bailey,* 9 N. H. 168. *Barnstable* v. *Thatcher,* 3 Met. 239.

*S. O. Lamb & W. S. B. Hopkins,* for the demandant The levy was invalid. *Pickett* v. *Breckenridge,* 22 Pick. 297. The demandant was entitled to recover upon the deed to him from Almira Richards. He had the record title and the right of entry while, the levy being invalid, the tenant was a mere intruder Gen. Sts. *c.* 134, § 7. *Sparhawk* v. *Bullard,* 1 Met. 95. The acknowledgment and registration of the deed to the demandant were not essential to its validity for this action. Acknowledg

ment is merely an authentication of a deed for record. The tenant in this action was not damnified by the non-record of the deed, because he knew, at the time of his levy, that the debtor, Asa F. Richards, had no record title to the land. *Pray* v. *Pierce*, 7 Mass. 381. *Tyler* v. *Hammond*, 11 Pick. 193. *Howland* v. *Crocker*, 7 Allen, 153. *Pitkin* v. *Leavitt*, 13 Verm. 379, 383. The judge properly declined to rule as requested by the tenant in his first, second, third and fourth requests. Those requests were not applicable to the facts, inasmuch as the Putnam deed legally construed conveyed a fee to seven grantees with a limitation of the use of the premises to one of them for her life, the latter being the grantor in the deed made in pursuance of a decree of this court to the demandant. *Gale* v. *Coburn*, 18 Pick. 400. 2 Washb. Real Prop. 117. He properly refused the tenant's fifth request, because the Putnam deed did convey land which the grantors took under the will of Felton. He properly refused the tenant's sixth request, because the bond from Felton was not a bond of defeasance.

BIGELOW, C. J. Taking the return of the officer as it stands, the levy was clearly invalid by reason of a seizure of more land than was sufficient to satisfy the execution by the sum of five dollars and eighty-nine cents. No amendment to the return has been properly made by an application to the court since the execution has become matter of record. *Welsh* v. *Joy*, 13 Pick. 477, 482. But the proposed amendment would not cure the difficulty. There would still have been more land set off than the officer had a right to take in order to satisfy the execution with all lawful fees. This is fatal to the validity of the levy. *Pickett* v. *Breckenridge*, 22 Pick. 297, is a decisive authority on this point, and also that the amount of the excess for which the levy was made is not so inconsiderable as to fall within the maxim *de minimis non curat lex.* The counsel for the tenant is in error in supposing that the validity of a levy, where land has been set off for too large a sum, may be made to depend on the proportion which such excess bears to the whole amount of the execution; or, in other words, that if the error is relatively small as compared with the debt, it is immaterial that more land has

been set off to the creditor than he is justly entitled to. But this cannot be so. In the transfer of title to real estate by virtue of a statute power, the requisitions of law must be strictly complied with. The sheriff can take no more land than is exactly sufficient to satisfy the execution. If he errs in this respect, as a levy cannot be void in part and valid in part, the whole is void.

We are also of opinion that the demandant has a good title to the premises by virtue of the conveyance made to him in pursuance of the decree of this court by his *cestui que trust.* It is contended on the part of the tenant that the deed from Samuel Putnam and wife to Almira Richards and others, under which the demandant derives title, did not convey to the said Almira an estate for life, but that she acquired under it only an estate in one seventh thereof in common with her children. We doubt very much whether, on the facts stated in the exceptions, this objection is open to the tenant. As his levy is void and he did not enter into possession of the estate until seisin was delivered to him by the officer, the demandant would be entitled to recover by virtue of the earlier possession of said Almira, his grantor, under the deed from Putnam and wife. This would be clearly so, but for the fact stated in the exceptions that said Almira " was not in personal possession of the premises " at the time of the levy. By this we understand only that said Almira had not actual *pedis possessio* of the estate. It does not mean that she had not such seisin by virtue of the paper title as would give her a valid claim to the estate as against all persons not showing a better title or an earlier seisin.

But passing by this answer to the tenant's claim, on a careful consideration of the terms of the grant we entertain no doubt that the deed in question did pass a valid title to the grantees, and that the demandant can well maintain this action to enforce the right which is vested in him as trustee of said Almira. The deed is inartificially drawn, but the intent of the parties is unequivocally manifested, that under it the entire use and enjoyment of the premises were to vest in Almira during her natural life The single inquiry then is whether this intent can be carried out

Chenery, trustee, *v.* Stevens.

in accordance with the rules of law and consistently with other parts of the deed by which the estate is granted to her and her children and their respective heirs: and we are of opinion that it can. Taking the whole deed together, we think it may be construed to be a present grant to all the grantees, taking effect immediately in them all. The grant is to Almira and to the other grantees, (her children,) *nominatim*, who together pay the consideration, and to their heirs and assigns; and the *habendum* is also to them and to their heirs and assigns. If the conveyance stood thus, it would clearly vest an absolute estate in fee in all the grantees as tenants in common, one seventh in each. But this grant is qualified by the clause which provides that said Almira is to have exclusive control of the premises and the income thereof " for her own support and use during her natural life." So far as Almira is the grantee of one seventh, we do not see that her absolute title in fee is at all affected by these words. They are consistent with her enjoyment of the aliquot part granted to her in common with the other grantees; but they cannot have effect consistently with an absolute grant in fee of the other six sevenths to her children. Applying the well settled rule of interpretation, that effect is to be given to every part of a deed so as to carry into effect the intent of the parties, if it can be done consistently with the rules of law, we think the grant to the children of the six sevenths, in connection with the clause providing for the enjoyment of the estate by the mother during her life, may well be held to be a conveyance of so much of the estate to the use of the mother during her life and remainder to said grantees on the expiration of her life estate. To this extent the grant has all the essential qualities of a conveyance to uses. There are persons seised to the use of another, to wit, the six children named as grantees; there is a *cestui que use,* to wit, the said Almira; and a *use in esse,* to wit, the life estate which is executed immediately to said Almira. Cruise Dig. tit. 11, *c.* 3, § 5. Crabb Real Prop. § 1646. No precise form of words is necessary to create a conveyance to uses. It is sufficient if the intention to create one is clearly indicated, although the words ' use, confidence or trust" are not used. The conveyance in

the present case being to the grantees in fee of six sevenths of the premises to the use of one for life is executed within the meaning of the statute of uses " according to the form of the gift." A conveyance of land may always be construed to be that kind or species of conveyance which may be necessary to vest the title according to the intention of the parties, if such interpretation is not repugnant to the terms of the grant. *Marshall* v. *Fisk,* 6 Mass. 24, 32. 2 Washb. Real Prop. 146.

It was objected to the validity of a life estate in the premises in the said Almira that, by the terms of the deed, the grant to her was not to take effect presently, but that it was limited in terms so as to commence *in futuro,* and, being a freehold estate, was therefore void. This objection is founded on a clause in the deed by which it appears that possession of the estate was not to be given to said Almira until the first day of May subsequent to the date of the deed. But we do not understand that by this it was intended that the seisin and title were not to take effect *in presenti* according to the terms of the grant. On the contrary, looking at the connection in which these words are inserted, it is apparent that they have reference only to the time when the said Almira is to take on herself the expenses of repairs, taxes and insurance on the premises, and they would seem to have been used as indicating that by reason of some outstanding lease, or the condition of the estate, or some other accidental cause, the actual beneficial occupation of the premises could not be had until this date.

It follows from this view of the true meaning of the grant to Almira Richards and her children that the rulings of the court below were right. The levy of the tenant was void. The conveyance by Samuel Putnam and wife passed all the title which the original owners of the premises had, she being his residuary devisee, and it vested a valid title in the grantees. The one seventh which the said Almira owned in fee, as well as her life estate in the other six sevenths, were duly conveyed to the demandant, and he can well maintain this action against the defendant, who shows no valid title.

*Exceptions overruled.*