## HENRY A. BREED *vs.* WELLMAN OSBORNE.

A grantor conveyed land by deed, "in consideration of five dollars paid by A. and B. [A.'s wife] in her right," " to A. and B., their heirs and assigns," " to have and to hold to A. and B. in her right, her heirs and assigns, to their use and behoof forever." B. died, A. surviving, and left a son. *Held,* that upon her death A. had a life estate, and that the fee vested in the son.

A writ of entry by which the demandant claims an estate in fee is not, under Gen. Sts. *c.* 134, §§ 3, 7, supported by proof of a life estate.

WRIT OF ENTRY in which the demandant claimed to recover an estate in fee in the parcel of land described in the writ. The plea was *nul disseisin.*

In the Superior Court the case was submitted upon an agreed statement of facts, from which it appeared that July 12, 1837, Benjamin Shillaber conveyed the land to Henry A. Breed, the demandant, and Catharine H. Breed, his wife, by a deed in which it was expressed that, in consideration of five dollars to him paid " by Henry A. Breed and Catharine H. Breed in her right," he granted " unto the said Henry A. and Catharine H. Breed, their heirs and assigns," the granted premises.

Catharine H. Breed died in the year 1845, intestate, and left Henry A. Breed, Jr., an insane person, as her only child and heir at law. One Charles C. Ayer, being duly appointed guardian of Henry A. Breed, Jr., sold the parcel of land described in the writ to the tenant, and gave a guardian's deed in due form of law to pass the estate to the tenant. The tenant entered into the possession of and claimed to hold the premises in fee simple.

The demandant contended that the deed of Benjamin Shillaber to Henry A. Breed and his wife, conveyed the estate to them as joint tenants, they being husband and wife, and that upon the death of Catharine H. Breed, he took the entire inheritance by survivorship, and that he owned the fee. The tenant contended that the wife, by force of the deed from Shillaber, took the entire inheritance in the land; that at her death it descended to her only heir, Henry A. Breed, Jr., and that by virtue of the sale by the guardian, he owned the fee of the land.

If by the true construction of the deed from Shillaber the fee and inheritance was in the demandant, judgment was to be entered for him ; if, on the other hand, the deed operated to convey the estate to Catharine H. Breed, in her own right, in which case the fee and inheritance was in the tenant, judgment was to be entered· for him. Further, if the deed operated to convey the estate to Henry A. Breed and Catharine H. Breed, as tenants in common, the court was to enter judgment for one undivided half of the fee and inheritance in the land described in the writ, and the demandant was to have leave to amend his writ accordingly.

Upon these facts judgment was entered for the tenant and the demandant appealed.

*J. W. Perry & L. S. Tuckerman,* for the demandant.

*W. Howland,* for the tenant.

WELLS, J. By the grant in this deed a fee was conveyed to Henry A. Breed and Catharine H. Breed. Being husband and wife, if there were nothing else in the deed to control or modify its operation, the estate would vest in them as joint tenants, and the inheritance would be limited to the heirs and assigns of the survivor.

But the recital of the consideration imports an investment of her estate ; and the habendum declares that the estate purchased is to be held by them as her estate, that is, " in her right," with limitation over to " her heirs and assigns."

This manifest intent of the parties should be carried out in the construction of the deed, if it can be done consistently with established rules and principles of law. We think it may be ; and that it is warranted by the decisions of this court in *Pratt* v. *Sanger,* 4 Gray, 84, and *Chenery* v. *Stevens,* 97 Mass. 77. The habendum qualifies the limitation as set forth in the premises, but is not repugnant to it. The estate is accordingly now in the demandant for his life ; but the descent of the inheritance has already been cast by the death of Mrs. Breed. It has vested in Henry A. Breed, Jr., and his estate passed by the deed of his guardian to the tenant. Whether the demandant holds his estate for life under the limitations of the deed, or under the declaration

of the uses, or as tenant by the curtesy, is immaterial for the purposes of this case.

As the demandant claimed a fee and has shown only a life estate, he has not proved " that he is entitled to such an estate as he claims in the premises." Gen. Sts. *c.* 134, §§ 3, 7. And in accordance with the agreement of parties, there must be

*Judgment for the tenant.*