EDGAR F. LEONARD vs. LOUISA J. SOUTHWORTH.

Norfolk.    January 9, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Writ of Entry — Deed — Survivorship — Shifting Use.*

A husband conveyed premises in fee to A. and B. as tenants in common, the survivor upon the death of the grantor's wife, who had a life estate, to take the whole, and a writ of entry was brought by the grantee of A., who died before the wife, to recover an undivided half of the premises from B. *Held*, that the provision regarding survivorship in the deed to A. and B. took effect as a shifting use.

WRIT OF ENTRY, dated October 13, 1892, to recover a parcel of land in Stoughton.   Plea, *nul disseisin:*   The case was submitted to the Superior Court, and, after judgment for the tenant, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*E. F. Leonard, pro se.*

*W. N. Osgood & J. L. Bates,* for the tenant.

MORTON, J.   The demandant contends that the effect of the deed given in 1885 by Albert Southworth to the tenant and Jedidiah A. Southworth was to convey in fee to the grantees as tenants in common the premises described in it, and that as he claims under Jedidiah, he is entitled to an undivided half.   The question is whether this construction is correct.   The deed sets forth that the grantor, " in consideration of one dollar and other valuable considerations paid by Jedidiah A. Southworth and Louisa J. Southworth," gives, grants, bargains, sells, and conveys unto them the premises in question, " Reserving to Harriet Southworth, mother of the grantees, all the rights which she may have in the granted premises; and provided that, should either of the grantees decease before their mother, Harriet Southworth, then the other grantee, his or her heirs and assigns, shall have the whole of said real estate, reserving to the said Harriet Southworth all the right which she may have in the granted premises.   Being the same premises set off to me as a homestead by commissioners appointed by court."   The haben-

dum is to them, their heirs and assigns forever, and the covenants are with them and their heirs and assigns forever. It appears from the agreed facts, that the grantor owned the premises in fee, and that they were held by him as a homestead under Pub. Sts. c. 123 ; that his wife obtained a divorce from him in March, 1867 ; that the premises were set off to her free from any interference by him; and that she died in April, 1890, and Jedidiah died in the November before, leaving a son, Elmer H. Southworth, who conveyed to the demandant, in February, 1892, the half which he now seeks to recover.

We understand that what was set off to the wife was the homestead estate for her life, and we think that the object which the grantor had in view is plain. He intended to convey the property to the grantees to hold subject to such rights as his wife had, and if either of the grantees died before she died, then the survivor was to take the whole, subject to her estate. The question is whether this purpose can be carried into effect consistently with the rules of law.

The tenant contends that the deed may be treated as a conveyance in joint tenancy. The difficulty with this is that the grant, habendum, and covenants are all to and with the grantees as tenants in common. The conveyance is to them as tenants in common. Pub. Sts. c. 126, § 5. It is only in case one of the grantees dies before the mother that there is a provision for an estate by survivorship. It is thus attempted to create an estate in fee simple to arise *in futuro* on the happening of a certain contingency upon another estate in fee simple,. which can only be done by way of a use. As a conveyance to uses the deed is inartificial. But, as already observed, the intent is plain ; and it has been held that no precise form of words is required to create a conveyance to uses, and that "a conveyance of land may always be construed to be that kind and species of conveyance which may be necessary to vest the title according to the intention of the parties, if such interpretation is not repugnant to the terms of the grant." *Chenery* v. *Stevens*, 97 Mass. 77, 85. The demandant admits, in substance, that, if a right of homestead had been given to Mrs. Southworth by the deed, a case similar to *Chenery* v. *Stevens* would have arisen. He contends that in the present case there is no conveyance to a use, that the gran-

tees are not seised to a use, and that there is no *cestui que trust* in whom a use could be executed. But we think that the deed may be construed so that the proviso shall take effect by way of a shifting use. There is a conveyance in fee to the use of the grantees as tenants in common, and upon the death of one of them before Mrs. Southworth the survivor is to take the whole. In other words, upon the happening of that event the use shifts, and is executed in the survivor so as to give him the whole estate subject only to the wife's rights. It is no objection that the previous use is declared in favor of the grantees. In such a case the shifting use takes effect in substitution of it. 1 Leake, Land Laws, 121. And it is well settled that several persons may be seised to the use of one of their number. 2 Washb. Real Prop. 117. 1 Leake, Land Laws, 119, 120. *Sammes's case*, 13 Co. Rep. 54.

We think, therefore, that the ruling of the Superior Court was right. *Judgment affirmed.*