BERNARD W. CAMPBELL *vs.* HARRY B. COTTELLE.

NOVEMBER 19, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Vincent, and Baker, JJ.

*(1)   Direction of Verdict.*

On conflicting testimony, a motion to direct a verdict is properly denied.

*(2)   New Trial.   Exceptions.*

Where the trial court on motion for new trial considered that it was highly improbable if not absolutely impossible that the exact occurrence described by the plaintiff took place, but "in view of the size of the verdict ($100), I think it proper to say new trial denied," while it is a formal approval of the verdict, the decision cannot carry the weight and be entitled to the consideration given to a positive and unqualified approval.

*(3)   New Trial.   De Minimis Non Curat Lex.*

The maxim *de minimis non curat lex* is not to be applied in case of the positive and wrongful invasion of another's property or personal rights.

TRESPASS.   Heard on exceptions of defendant and sustained.

PER CURIAM.   This is an action of trespass with counts in trespass and in case to recover damages laid at $5,000 for injuries claimed to have been caused by the defendant driving his automobile against the person of the plaintiff which in one count of the declaration is called a "wrongful, reckless and malicious act."

At the trial, on the close of the testimony, the defendant moved for the direction of a verdict in his favor which motion was denied.   The jury returned a verdict for the plaintiff and assessed the damages at $100.   The defendant thereafter filed a motion for a new trial, which, upon hearing, was denied.   The bill of exceptions is based upon the denial of these two motions.

(1)   We think there was no error in the denial of the motion to direct a verdict, as there was a conflict of testimony, and therefore the defendant's exception to this ruling is overruled.

The plaintiff was night station agent and flagman at the railroad station in East Warren. The accident happened in the evening of August 1st, 1914, shortly after eight o'clock. The plaintiff testified that after he had with his lantern signalled an approaching train from Fall River the defendant's automobile was started up and driven against him so that the lantern of the machine on its front and right side struck him on the left side of his abdomen, and that the automobile carried him, clinging to it, first on its front and then on its side, across the track, perhaps forty feet. He was not thrown down. No other person testified to seeing the automobile strike him. Three young men who were awaiting the arrival of the train testified, one, that he saw the machine "going along with Mr. Campbell hanging on to it;" the second, that he saw plaintiff "hanging on to the side of it near the front end;" the third, that the automobile carried plaintiff across hanging on to the side near the front. The defendant said that he went across to the left of the plaintiff who stepped forward and placed his hand on the automobile and, walking by its side, asked him why he did not stop and said that he would report him. The defendant denies hitting the plaintiff with his machine. In this testimony he is corroborated by a person riding in the automobile with him and by a bystander.

In his brief rescript the justice of the Superior Court says: "It is highly improbable, if not absolutely impossible, that the exact occurrence described by the plaintiff took place. . . . It is not impossible that there was some (2) sort of impact by the machine. In view of the size of the verdict I think it proper to say new trial denied." While this is a formal approval of the verdict in that the motion for a new trial was denied it cannot be said to carry the weight and to be entitled to the consideration which are given to a positive and unqualified approval of a verdict. The plaintiff's description of the occurrence, which is the only testimony in the case that he was struck, is to all appearance discredited, and not believed, and the court

seemingly rests its finding of liability on the fact that possibly "there was some sort of impact by the machine." But if the plaintiff's description be not believed, it is reasonable to find from the other testimony that this impact, deemed not impossible, if it occurred, might as naturally be held to have resulted from plaintiff's coming forward against the machine as that it was caused by the machine's being by the willful act or negligence of the defendant brought in contact with the plaintiff. In other words, there is in such a situation no preponderance of evidence in favor of the plaintiff.

(3) An examination of the reported testimony leads us to concur in the characterization of the plaintiff's case made in the rescript. Entertaining this view we think that the motion for a new trial should have been granted, unless some other sufficient reason exists for its denial. The rescript may imply that the denial was based upon the smallness of the verdict in application of the maxim *de minimis non curat lex*. The plaintiff, however, does not in his brief urge this as a ground for upholding the verdict. This maxim is probably most frequently applied in cases involving disputes as to money claimed to be due under contracts. In *York* v. *Stiles*, 21 R. I. 225, 227, this court held that it is "not to be applied in case of the positive and wrongful invasion of another's property or personal rights," citing *Seneca Road Co. v. Railroad Co.*, 5 Hill, 170. See, also, *Chenery* v. *Stevens*, 97 Mass. 77, 83, and *Wartman* v. *Swindell*, 54 N. J. Law, 589.

We do not think the present case is one for the application of the maxim.

The exception to the denial of the motion for a new trial is therefore sustained and the case is remitted to the Superior Court for a new trial.

*Easton, Williams & Rosenfeld,* for plaintiff.

*Alfred S. and Arthur P. Johnson,* for defendant.