SAMUEL GOODMAN *vs.* IDA W. TELFER.

Suffolk.    March 7, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Deed,* Construction.    *Covenant,* Of warranty.

In an action of contract on a covenant of warranty in a deed to the plaintiff from the defendant to recover the amount of expenses incurred by the plaintiff in procuring the registration in the Land Court of his title to the parcel of land purchased by him from the defendant, a married woman, and conveyed by the deed containing the covenant of warranty, it appeared that the defendant had acquired title to the land by a deed which recited that the consideration was

paid by her, that in the granting clause the word "said" was followed by the name of her husband, the name of the wife only having been mentioned previously, while the habendum clause ran to her by name and "his" heirs and assigns. *Held,* that the plaintiff was not entitled to recover on the warranty, because the defendant's title was clearly good, the intention of the parties to vest the title in the defendant being made clear by the recital that the consideration had been paid by her.

In the same case it was *held* that the manifest clerical error of writing "his" instead of "her" in the habendum clause did not affect the validity of the conveyance.

A deed conveying land is to be construed so as to vest the title in accordance with the intention of the parties as it appears from the whole instrument unless this is contrary to established principles of law.

CONTRACT on a covenant of warranty to recover the sum of $100 alleged to have been expended by the plaintiff in procuring the registration in the Land Court of the plaintiff's title to a parcel of real estate numbered 148 on Townsend Street in the part of Boston called Roxbury, which was conveyed to the plaintiff by the defendant by a warranty deed and was alleged not to have given the plaintiff a good title to the property until the title was perfected by such registration in the Land Court. Writ in the Municipal Court of the City of Boston dated October 16, 1917.

In the Municipal Court the case was submitted upon an agreed statement of facts, containing the facts which are stated in the opinion.

The essential part of the deed of Conant to the defendant dated June 16, 1906, mentioned in the opinion, was stated in the agreed statement of facts contained in the report of the Municipal Court to be as follows:

"I, George C. Conant in consideration of one ($1) dollar and other valuable considerations paid by Ida B. Wyman, the receipt of which is acknowledged, do hereby remise, release and forever quitclaim unto the said David C. Wyman and his heirs and assigns, the premises in question, 148 Townsend Street, Boston.

"To Have and to Hold the granted premises with all the privileges and appurtenances thereto belonging to the said Ida B. Wyman and his heirs and assigns to their own use and behoof forever."

The judge found for the plaintiff for the full amount claimed, and at the request of the defendant reported the case to the Appellate Division.

The Appellate Division made an order vacating the finding and ordering judgment for the defendant. The plaintiff appealed.

*A. S. Emerson,* for the plaintiff.

*J. E. Eaton, E. T. McKnight & S. W. C. Downey,* for the defendant, submitted a brief.

CROSBY, J. This is an action to recover the expenses incurred in registering in the Land Court the title of a parcel of real estate purchased by the plaintiff from the defendant. The case is before us upon an agreed statement of facts, from which it appears that the real estate was conveyed to the plaintiff by the defendant by warranty deed, subject to a mortgage thereon for $9,000; that the defendant obtained title to the premises from one Conant by a deed dated June 16, 1906, which recited that the consideration was paid by Ida B. Wyman (the former name of the present defendant) but the granting part ran to "the said David C. Wyman and his heirs and assigns," only Ida B. Wyman having been mentioned previously, while the habendum was to Ida B. Wyman and "his" heirs and assigns. Afterwards, on July 21, 1906, Conant executed and delivered to the defendant another deed of the same premises "for the purpose of correcting clerical errors in the granting clause of said prior deed." It also is agreed that the plaintiff has failed to obtain a deed of release from David C. Wyman, although the latter has not disturbed him in his possession of the premises.

The plaintiff contends that, although he obtained a marketable title, he is entitled to recover, because of the covenant of warranty, the expenses incurred in having the title registered. We are unable to agree with this contention.

The first deed from Conant to the defendant, while inartificially drawn, vested in her as matter of law a good title to the premises conveyed. A conveyance of land is to be construed so as to vest the title in accordance with the intention of the parties, if such interpretation is not contrary to established principles of law. The consideration for the grant was paid by the defendant, and the habendum to her and "his" heirs and assigns clearly shows that it was intended that the premises were to be conveyed to her. The word "his" instead of "her" manifestly was a clerical error which does not affect the validity of the grant. The habendum explains the granting clause, and as the consideration was paid by the defendant it is plain it was the intention of the parties that the title should vest in her. *Bridge* v. *Wel-*

*lington*, 1 Mass. 219. *Pratt* v. *Sanger*, 4 Gray, 84, 86. *Chenery* v. *Stevens*, 97 Mass. 77. *Breed* v. *Osborne*, 113 Mass. 318. *Tibbetts* v. *Leeson*, 148 Mass. 102.

Judgment is to be entered for the defendant. St. 1913, c. 716, § 3.

*So ordered.*