## The Russell Company, Appellee, v. Robert Wachman and M. Wachman, Appellants.

### Gen. No. 24,128.

1. ATTACHMENT, § 44*—*when fraudulent concealment of property with intent to hinder and delay creditors is shown.* In an action of attachment against a husband and wife, evidence *held* sufficient to show that defendants left their former home in another State and came to Illinois surreptitiously and concealed their whereabouts, and undertook fraudulently to conceal their property or effects, so as to hinder and delay their creditors.

2. HUSBAND AND WIFE, § 8*—*when joint liability shown for goods purchased.* Evidence *held* sufficient to show joint liability of husband and wife for an indebtedness for goods purchased by the wife on credit.

3. ACCOUNT STATED, § 3*—*when amount of account liquidated.* The amount of an account was liquidated where the amount of each item was specified, and it was stated what each was for and the date given and it was only necessary to add them up to ascertain the total amount.

4. APPEAL AND ERROR, § 1421*—*when judgment not disturbed.* The maxim *de minimis non curat lex* applies, in an attachment suit against a husband and wife to recover the sum of $107.85, where a mistake of $1 in addition was made and there were two items amounting to $1.80 that could not be made part of the judgment.

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed March 12, 1919.

THOMAS J. SUTHERLAND, for appellants.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is a suit in attachment wherein judgment was entered for the plaintiff and against the defendants in the sum of $107.85 with costs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On March 24, 1917, plaintiff filed an affidavit of attachment reciting, among other things, that the nature of the plaintiff's claim is "for goods, wares and merchandise sold and delivered by the plaintiff to the defendants at their special instance and request; that the defendants are husband and wife; that under the statutes of Illinois they are jointly liable for the aforesaid goods as family necessaries;" that the defendants "concealed themselves so that process cannot be served upon either of them"; that "they have within 2 years last past fraudulently concealed or disposed of their property so as to hinder and delay their creditors; that they are about fraudulently to conceal, assign or otherwise dispose of their property or effects, so as to hinder and delay their creditors."

On March 24, 1917, an attachment bond was duly filed by the plaintiff and on the same day a writ of attachment issued, and on March 27, 1917, writ was served on the Baltimore & Ohio Chicago Terminal Railroad Company and on the Michigan Central Railway Company as garnishees. Service was had upon the defendants by publication. On April 19, 1917, the defendants entered a special appearance "for the sole purpose of traversing the affidavit of attachment" and to move to quash the writ and dismiss the suit. On April 19, 1917, leave was given the defendants to file an affidavit of merits and traverse within 8 days. On April 26, 1917, the defendants, by their attorney, filed a special plea requesting that the writ be quashed on the ground that they have not concealed themselves or either of them nor do they now conceal themselves so that process cannot be served upon them or either of them. That neither they nor either of them have within 2 years last past fraudulently concealed or disposed of their or either of their property so as to hinder and delay their creditors; that they are not now and were not at the time of the commencement of said suit about fraudulently to conceal, assign or dis-

pose of their or either of their property or effects so as to hinder and delay their creditors.

The plaintiff offered in evidence certain depositions which were taken in Detroit, together with certain exhibits and certain acts of the Michigan statutes.

The evidence shows that Robert Wachman and M. Wachman were husband and wife and had been living in Detroit for about 14 years; that he was in the auto supply business and manufacturing specialties for automobiles; that he and his wife made purchases of merchandise from time to time from the plaintiff who conducted a store in Detroit; that on the 29th day of December there was a balance due from the plaintiffs to the defendant of $107.85. Plaintiff offered in evidence the entries made in its ledger and also the testimony of one Sparks, the credit man of the plaintiff.

The defendant when called did not deny the claim made by the plaintiff but stated that he was with his wife when the purchases were made; that the payments on account that were made prior to the items in the account here sued upon were made by him. The evidence shows that the defendant's family consisted of himself, his wife and four sons, all of whom were living together. Some time in the early part of March, 1917, the defendant packed up his household goods and shipped them to Chicago, and on the 16th day of March, 1917, he came to Chicago.

The defendant, Robert Wachman, testified that when he left Detroit he owed a number of bills but had no money to pay them, and that on account of his wife's health and on account of his financial condition they moved to Chicago "to better" themselves; that he had no other merchandise or property with the exception of his household goods at the time he came to Chicago; that when he left Detroit he was unable to pay the plaintiff's account.

The plaintiff offered in evidence a copy of a warranty deed dated March 6, 1917, from the defendant and his wife to John Lee and Joseph E. Lee (who were

described as his brothers), by which they conveyed a certain lot No. 4, situated in Wayne County, Michigan, subject to a mortgage in the sum of $4,200; the consideration mentioned in the deed is the sum of $1.

The defendant, Robert Wachman, testified that the property mentioned in the warranty deed had been foreclosed and that upon the transfer he received some money—he does not say how much—with part of which he paid some accounts he owed in Detroit, with part of which he paid the freight on the property sent to Chicago, and with part of which he expected to locate in Chicago.

Evidence was introduced by the plaintiff undertaking to show that the defendants left Detroit surreptitiously, but that is contradicted by the defendant, Robert Wachman.

The household goods which were shipped from Detroit occupied a whole car and were sent as freight and billed in the name of the defendant, M. Wachman, the wife. When the car arrived in Chicago the defendant, Robert Wachman, obtained the household goods from the railroad company, paid the charges, and on the 26th day of March, 1917, moved into the premises known as 3446 West Monroe street. Prior to March 26, 1917, after coming to Chicago, the defendant lived with his wife's mother at 1523 South Lawndale avenue. The defendant, Robert Wachman, when asked if he were the owner of the household goods answered, "Well I purchased it. A man has his interest, or a man has his interest jointly I suppose, but I own the property. I purchased and paid for it." The defendant also testified that after he arrived in Chicago on March 16, 1917, he did nothing whatever to conceal himself but went about his business, undertaking to get settled in Chicago; that as soon as he came to Chicago he looked for a house; that his household goods did not arrive until 10 days or 2 weeks later. When asked about notifying the plaintiff that he was going to leave Detroit he answered. "I

would have jeopardized my entire family interests if I had done that. I was absolutely unable to pay them at that time.''

On September 15, 1917, the trial court found the issues against the defendants, Robert Wachman and M. Wachman, his wife, both as to the attachment and the debt, and rendered judgment against the defendants in the sum of $107.85. This appeal is taken therefrom.

Many points are made in the brief of counsel for the defendants but only a few of them are argued. We shall consider the following: (1) Did the court acquire jurisdiction? (2) Were the defendants jointly liable? (3) Was the alleged indebtedness a liquidated amount? (4) As to the items: ''Coat & Alt. 1.50 69.00''; ''Petticoat & Alt. .30 15.50.''

(1) The affidavit stated three grounds for attachment: Concealment so that process could not be served; fraudulently concealing or disposing of their property so as to hinder and delay their creditors, and that they were about fraudulently to conceal, assign or otherwise dispose of their property or effects so as to hinder and delay their creditors. The evidence shows that the defendants, who lived in Detroit, Michigan, packed up their household goods and shipped them in a car by freight to Chicago, and went themselves about the same time to the same destination, their purpose being, apparently, to make their residence thereafter in Chicago. When they left Detroit there remained a number of debts due from the husband to various creditors. The evidence, also, shows that on March 6, 1917, just prior to leaving Detroit, the defendant and his wife conveyed a certain piece of real estate, subject to a mortgage in the sum of $4,200, to John Lee and Joseph E. Lee, who were apparently brothers of the wife, and that the husband received some money as part of the consideration. Further, the testimony of the husband shows that he refrained from notifying the plaintiff that he was go-

ing to leave Detroit because, as he stated, "I would have jeopardized my entire family interests if I had done that. I was absolutely unable to pay them at that time." Considering all of the evidence in the case, it is difficult to resist the conclusion that the defendants left surreptitiously and concealed their whereabouts and undertook fraudulently to conceal their property or effects so as to hinder and delay their creditors. The trial judge came to that conclusion, and we do not feel justified, from the record as it appears before us, in disturbing that judgment.

(2) As to the question of joint liability: the evidence of Sparks, the credit manager of the plaintiff, is to the effect that Mrs. Wachman asked for the credit and he opened the account; that she went to see him personally; that he investigated the matter and extended her credit. That evidence taken in conjunction with the practically admitted liability of Mr. Wachman sufficiently proves that it was a joint liability for the indebtedness.

(3) The criticism, that the amount is unliquidated, is not justifiable. The items were proven by the books of the plaintiff. Each amount being specified, what it was for, and its date given, it was only necessary to add them up to determine the total amount. Neither the existence of the indebtedness nor its amount depended upon any unascertained contingency.

(4) A mistake of $1 in the addition seems to have been made, and there are two small items, apparently for alterations, one of $1.50 and one for 30 cents which it is claimed could not be made part of the judgment. Under the circumstances we think it is a situation where the principle of the maxim, *de minimis non curat lex*, applies. *Crook v. Rindskopf*, 105 N. Y. 476; *Chenery v. Stevens*, 97 Mass. 77.

Finding no error in the record the judgment is affirmed.

*Affirmed.*